UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN MACVICAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 1:22-cr-00063-LEW<br>1:25-cv-00077-LEW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following a guilty plea, Petitioner was convicted of possessing child pornography; the Court sentenced Petitioner to eighty-four months in prison. (Judgment, ECF No. 37.) Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 50.) The Government requests dismissal of the motion. (Response, ECF No. 66.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In November 2020, law enforcement agents began investigating a specific username and account that was used to distribute child pornography through an online messenger service. Investigators obtained subscriber data, IP login history, and message threads discussing child pornography. The records showed that the account appeared in a forum dedicated to child pornography and was used to upload child pornography on at least two

occasions in May 2020 from a Verizon IP address, which address was registered at the time to a phone number matching public social media listings for Petitioner's business. The records also showed that the account was accessed in June 2020 through an IP address assigned to a Hampden, Maine residence in which Petitioner and his wife lived.

In February 2021, law enforcement executed a search warrant at the house and simultaneously conducted a traffic stop of Petitioner's vehicle. Petitioner admitted to using the account to distribute child pornography. Law enforcement subsequently discovered evidence of child pornography on nine storage devices and other electronic devices.

In May 2022, the Government charged Petitioner with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). (Information, ECF No. 1.) In August 2022, Petitioner waived indictment and pled guilty. (Waiver, ECF No. 8; Guilty Plea, ECF No. 9.) At sentencing in January 2023, the Court calculated a guideline range of 135 to 168 months; the Court sentenced Petitioner to eighty-four months in prison. (Sentencing Transcript at 69, ECF No. 44; Judgment, ECF No. 37.) Petitioner filed an appeal; in March 2024, the First Circuit affirmed. *United States v. MacVicar*, 96 F.4th 51 (1st Cir. 2024).

## DISCUSSION

**A.    Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382–83 (2001) (recognizing that "procedural default rules

developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167–68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). A hearing is unnecessary "when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Id.* (quotation marks omitted).

Summary dismissal of a motion is permitted when the allegations are "vague, conclusory, or palpably incredible," even "if the record does not conclusively and expressly belie [the] claim." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *David*, 134 F.3d at 478 (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.**     ***Franks* Claim**

Petitioner argues that his attorney provided ineffective assistance by failing to challenge the truthfulness of the statements supporting the search warrant. Although warrants are entitled to a presumption of validity, a defendant is entitled to a hearing if there is "a substantial preliminary showing" that the affiant "knowingly and intentionally, or with reckless disregard for the truth" made one or more false statements "necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). If the defendant establishes those elements by a preponderance of the evidence, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156. "A material omission

5

of information" can also undermine a search warrant if its inclusion would have negated a finding of probable cause by the magistrate. *United States v. Castillo*, 287 F.3d 21, 25 n.4 (1st Cir. 2002).

  A review of the record reveals no meritorious basis for counsel to have challenged the truthfulness of the statements supporting the search warrant. Petitioner has not identified any false material statements or omissions. Petitioner evidently argues that: (1) the messenger account could have been used by other individuals because the records showed that it was accessed through seventy-five different IP addresses, (2) Verizon uses a single IP address for groups of phone numbers, which meant that the IP address used to upload child pornography in May 2020 was associated with a pool of eighty-eight different phone numbers, and (3) the account was accessed in June 2020 from the IP address associated with Petitioner's residence, but the crime of distribution did not occur in June 2020 but in May 2020. The arguments do not establish that it was more likely that many individuals were using the messenger account rather than a single individual using multiple devices from different locations and using a VPN. At most, such arguments could theoretically be used at a trial to question whether Petitioner, or another person, was involved in the alleged distribution, but the statements do not undermine the existence of probable cause for the warrant.

  Given the child-pornography-related messages, conduct, and purposes of the messenger account and the two unrefuted links between the account and Petitioner, he cannot establish that it was unreasonable for counsel to forego a request for a *Franks* hearing or motion to suppress and instead pursue a strategy of admitting responsibility fully

and seeking a lesser sentence. In short, Petitioner has failed to show that counsel provided deficient performance or that he suffered any prejudice from counsel's decision to forego motions that would have been unsuccessful.

**C.    Miranda Claim**

Petitioner contends that his attorney provided ineffective assistance by failing to file a motion to suppress Petitioner's statements and confession because Petitioner was not warned about his rights before being questioned. In general, under *Miranda v. Arizona*, 384 U.S. 436 (1966), "a suspect who is subject to custodial interrogation must first be informed of his Fifth Amendment privilege against self-incrimination and his right to an attorney to safeguard that privilege," or else any evidence impermissibly gathered must be excluded at trial. *Rivera v. Thompson*, 879 F.3d 7, 13 (1st Cir. 2018) (internal quotation marks omitted).

Counsel avers that he reviewed a written report and a recording of the interview and concluded that, because Petitioner was not in custody, *Miranda* warnings were not legally required and there was no meritorious basis for a motion to suppress Petitioner's statements. Although Petitioner offers reasons why he was forced to stop and turn over his devices, and why he felt some pressure to answer questions, he did not dispute the key aspects of counsel's reasoning about the questioning, including that agents told Petitioner that he did not need to speak with them, that he was not under arrest, and that he was free to go to work.

Counsel's strategy not to file a motion but to seek a resolution of the case also appears reasonable given the overwhelming evidence of guilt of possession of child

7

pornography even without Petitioner's admission. A determination that there was a *Miranda* violation would not have reduced the significance of the considerable compelling evidence obtained pursuant to the search warrant, which evidence included the data on many of Petitioner's devices. *See supra* Part B. Simply stated, counsel did not perform deficiently by declining to file an ineffectual motion to suppress, and Petitioner cannot establish any prejudice from counsel's decision.

**D.     Mitigation Evidence**

Petitioner contends that his attorneys provided ineffective assistance at sentencing and on appeal by failing to raise mitigation evidence, correct alleged misstatements from the Government, or file objections to preserve the issues for appeal. The record demonstrates, however, that counsel argued extensively regarding mitigating factors, both in his sentencing memorandum and at the sentencing hearing. *See MacVicar*, 96 F.4th at 56 ("To begin, the mitigating factors identified by the defendant were well-argued before the court at sentencing"). The variant sentence well below the guidelines suggests that counsel's arguments were effective.

Petitioner evidently argues that counsel was deficient when because he failed to correct the Government's assertion that he only sought mental health treatment after the search warrant was executed when he had sought mental health treatment before the search. Petitioner provided medical records that reveal that since at least 2017, he has had a generalized anxiety disorder and that he underwent a mental health evaluation from August 2020 to February 2021. In context, given the questioning of a treatment provider at the sentencing hearing about treatment that began in May 2021, the Government's statements

and counsel's responses during sentencing that Petitioner only sought "treatment" after the search can be reasonably interpreted to refer to treatment related to the crime, i.e. sex offender treatment or problematic sexual behavior counseling. (*See, e.g.*, Sentencing Transcript at 12–13, 16.) Counsel avers that he did not focus on broader mental health treatment unrelated to the crime in question because it would not have assisted Petitioner's case. There is nothing in the record to suggest that counsel's reasoning on the point was erroneous or otherwise unsupportable. Even if there was some basis to conclude that counsel should have presented the additional mitigation evidence regarding treatment related to a generalized anxiety disorder, there is no basis to conclude that it would have altered the outcome at sentencing.

Because Petitioner did not establish deficient performance or prejudice, the ineffective assistance claim fails.

**E.      Conditions of Supervised Release**

Petitioner contends that his attorney provided ineffective assistance by failing to challenge certain conditions of supervised release, including the special restriction on unsupervised contact with minors and the requirement to submit to polygraph testing, as well as the standard conditions requiring compliance with required mental health treatment and consent for home searches and seizures of prohibited items. Petitioner's attorney reasonably concluded and maintains that there is no merit in objecting to conditions typically imposed for Petitioner's offense. Furthermore, according to counsel, Petitioner's main concern regarding the conditions was that the conditions might prohibit him from having contact with his minor son. The conditions do not prohibit contact as Petitioner can

9

have contact with his son in the presence of an adult approved by Petitioner's probation officer.[1]

Even assuming there were nonfrivolous grounds to make additional objections to the conditions, Petitioner cannot establish deficient performance given: (1) Petitioner's primary concern regarding contact with his son was addressed; (2) the overall strategy was to maximize acceptance of responsibility and a compliant and rehabilitative intent in order to elicit a more favorable sentence; (3) counsel's supportable assessment that the conditions would be imposed regardless of any argument to the contrary; and (4) Petitioner retained the ability to seek modifications of the conditions of supervised release after developing a consistent record of compliance and rehabilitation. Petitioner, therefore, has failed to establish any prejudice from counsel's performance.

**F.  Cumulative Error**

Finally, Petitioner alleges cumulative error from all the issues he raises, but because there was no error, the cumulative effect of the issues does not alter the analysis. *See United States v. Stokes*, 124 F.3d 39, 43 (1st Cir. 1997) ("While trial errors which in isolation appear harmless may have a cumulative effect" great enough to establish prejudice, "cumulative-error analysis is inappropriate when a party complains of the cumulative effect of non-errors").

---

[1] The supervised release conditions provide that while Petitioner generally cannot have contact with persons under the age of eighteen, he can have such contact in the presence of a responsible adult who has been approved by the probation officer. (Judgment at 5.) In addition, prior to sentencing, counsel requested and obtained a modification of Petitioner's conditions of release to permit contact between Petitioner and his son in the presence of the child's mother. (Motion, ECF No. 15; Order, ECF No. 17.)

10

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 18th day of November, 2025.